(No. 1101—Claimant awarded $950.00.)

G. W. Bush, Claimant, *vs.* State of Illinois, Respondent.

*Opinion filed March 29, 1927.*

Social justice and equity—*when award made under rule.* While the State is not liable for injuries sustained by its employees while in the discharge of their duty, yet where claimant is engaged in a hazardous employment, and is permanently injured, the court will recommend an allowance to him for the injuries sustained.

Lagger & Blatt, for claimant.

Oscar E. Carlstrom, Attorney General; Roy D. Johnson, Assistant Attorney General, for respondent.

Mr. Chief Justice Clarity delivered the opinion of the court:

It appears that claimant was employed as a keeper at the Illinois State Penitentiary at Statesville, Illinois, on November 7, 1925, and for some time prior thereto; that while he was engaged in the duties of keeper at one of the cell houses at said penitentiary on said date and about 5:30 o'clock of said day, he was suddenly and unexpectedly attacked by a number of convicts in said cell house and thrown and knocked down a stairway and was beaten and bruised by the convicts; that his back became severely wrenched and the ligaments of his back torn and lacerated. From the abstract of the evidence on page 5, Dr. Fletcher, a witness who was called on behalf of claimant, testified in part as follows: "I treated him in November, 1925, for injuries received at the Statesville penitentiary. Bush was severely beaten by a number of convicts, and while he had no broken bones, yet there was discoloration over most of the entire body. The ligaments of his back were severely torn and for many months since I have seen and attended Mr. Bush for this trouble. The ligaments that were torn are in the lumbar region of the back, the small of the back. In my opinion, the injury resulting from this attack, so far as neuritis and pain is concerned, I am inclined to think is permanent. I doubt very much about Mr. Bush ever becoming entirely normal on account of more or less pains at intervals, which will lessen his efficiency. I cannot state the degree of inefficiency that will result in the use of his back, but there will be a slight degree of inefficiency due to the pain he will suffer from time to time." The evidence further dis-

closes that claimant is a man 49 years old, married and has four children. He received $125.00 per month and maintenance. It also appears by the evidence that prior to the time he took up his duties as guard at the penitentiary, he had followed the carpenter trade and was able to earn from $3.50 to $5.00 per day.

The claimant, in his declaration, alleges his damage to be $2,500.00, bue the records fail to disclose any definite claim for an amount to be admeasured by the Workmen's Compensation Act or otherwise. The Attorney General comes and defends and states that claimant should receive some award for his injury sustained.

It is the opinion of this court that the claimant was engaged in a hazardous undertaking and that he was severely and painfully injured, and that from all the evidence it appears that claimant will be more or less permanently disabled by reason of these injuries and that there should be an allowance made to recompense insofar as it is within the proper power of the defendant.

It is therefore considered, and it is recommended by this court, that the claimant be allowed the sum of $950.00.